912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Vernon QUICK, Defendant-Appellant.
 No. 90-5153.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Paul Vernon Quick (Quick), has appealed from his conviction, by a jury, of being a convicted felon in possession of three firearms1 in violation of 18 U.S.C. Sec. 922(g). Quick was thereafter sentenced to 15 months imprisonment to be followed by 2 years of supervised release.
 
 
 2
 In December of 1987 and January of 1988, the police conducted three separate searches of the South Town Grocery store. During each of these searches Quick was the only person operating the store. As a result of the searches, a superseding indictment was returned on June 24, 1989 charging Quick with (1) one count of being a felon in possession of a Mossburg pump shotgun on December 31, 1987 in violation of 18 U.S.C. Sec. 922(g) (Count I); (2) one count of being a felon in possession of three firearms on January 5, 1988 in violation of 18 U.S.C. Sec. 922(g) (Count II); and (3) one count of being a felon in possession of 60 sticks of dynamite on January 23, 1988 in violation of 18 U.S.C. Sec. 842(i) (Count III). The jury returned a verdict of guilty as to Count II and acquitted Quick on Counts I and III.
 
 
 3
 On appeal, Quick has charged that (1) there was insufficient evidence to prove that he was in actual or constructive possession of the firearms; (2) the district court abused its discretion in admitting a statement signed by Quick acknowledging items seized during a search of the South Town Grocery store on January 23, 1988; (3) the district court abused its discretion in denying his motion to sever Counts I and II from Count III of the indictment; (4) the district court erroneously denied him a four-level reduction in his offense level, pursuant to section 2K2.1(b)(1) of the sentencing guidelines; and (5) the district court abused its discretion in denying Quick's application for release pending appeal.
 
 
 4
 Upon a review of Quick's assignments of error, the record in its entirety, the brief of the parties, and oral arguments, Quick's conviction and sentence is hereby AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The firearms, which were the subject of Quick's conviction, were (1) a Marlin .22 caliber semi-automatic rifle; (2) a Winchester 12-gauge pump shotgun; and (3) an Iver Johnson .38 caliber revolver